Robert A. Johnson Reynolds County Prosecuting Attorney Reynolds County Courthouse Centerville, Missouri 63633
Dear Mr. Johnson:
This opinion is in response to your question asking whether a person may serve as treasurer to the Reynolds County Ambulance Board and also serve as county public administrator. We understand the Reynolds County Ambulance Board to which you refer is the board of directors of the Reynolds County Ambulance District, an ambulance district organized pursuant to The Ambulance District Law, Sections 190.005 to 190.085, RSMo.
It is a settled principle of law that unless the Constitution, a statute, or the common law prohibits the holding of two public offices by one individual, an individual may hold two offices simultaneously. See Missouri Attorney General Opinion No. 16, Mallory, 1974, a copy of which is enclosed. There are no constitutional or statutory prohibitions against the same person serving in the two positions about which you inquire. Therefore, we must address whether the two positions are incompatible under the common law.
The common law rule has been stated in State ex rel.Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 639-640 (1896), as follows:
 . . . At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, — some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. It was said by Judge Folger (People v. Green, 58 N.Y. 295): "Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that `incompatibility' from which the law declares that the acceptance of the one is the vacation of the other. The force of the word in its application to this matter is that, from the nature and relations to each other of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one towards the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm, and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must per se have the right to interfere, one with the other, before they are incompatible at common law." . . .
To apply this rule, it is necessary to examine the two offices in question to determine whether there is any inconsistency in the functions of the offices which would render them incompatible.
Section 190.055, RSMo 1986, authorizes the board of directors of an ambulance district to "select a secretary, treasurer and such officers or employees as it deems expedient or necessary for the accomplishment of its corporate objects. The secretary and treasurer need not be members of the board."
The duties of a public administrator are set out principally in Section 473.743, RSMo 1986, which provides that in certain situations "[i]t shall be the duty of the public administrator to take into his charge and custody the estates of all deceased persons, and the person and estates of all minors, and the estates or person and estate of all incapacitated persons in his county. . . ."
In Attorney General Opinion No. 397, Hyler, 1964, a copy of which is enclosed, this office concluded that a person could simultaneously hold the offices of public administrator and county school board member. Attorney General Opinion No. 358, Paden, 1965, a copy of which is enclosed, concluded that the offices of public administrator and alderman of a fourth class city are not incompatible.
The office of public administrator is concerned with the handling of estates and guardianships. The office of treasurer of an ambulance district is concerned with the financial affairs of the ambulance district. We do not see where a conflict might arise in the holding of these two offices. Therefore, we conclude a person may simultaneously serve as county public administrator and treasurer of an ambulance district.
CONCLUSION
It is the opinion of this office that the offices of treasurer of an ambulance district and county public administrator are not incompatible and one person may hold both offices at the same time.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 16, Mallory, 1974 Opinion No. 397, Hyler, 1964 Opinion No. 358, Paden, 1965